**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAMES DUNHAM, on behalf of
himself and all others similarly situated,                                    PLAINTIFF

v.                                    No. 4:09CV00086 JLH

PORTFOLIO RECOVERY ASSOCIATES, LLC                                    DEFENDANT

<u>**OPINION AND ORDER**</u>

Portfolio Recovery Associates, LLC, ("PRA") has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Unlike a motion to dismiss, a motion for judgment on the pleadings is made after the pleadings are closed, so such a motion may be filed after an answer has been filed.  Nevertheless, such a motion must be filed early enough not to delay trial.  FED. R. CIV. P. 12(c).

A court should grant a motion for judgment on the pleadings when no material issues of fact remain and the moving party is entitled to judgment as a matter of law.  *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).  The court must view all facts pled by the nonmoving party as true and grant all reasonable inferences in that party's favor.  *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004).  If all material issues cannot be resolved from the pleadings, a summary judgment motion or a full trial is necessary.  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1368, at 248-50 (3d ed. 2004).

In its motion for judgment on the pleadings, PRA alleges that Dunham failed to state a proper claim for relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (2006).  *See* FED. R. CIV. P. 12(h)(2)(B) (listing failure to state a claim as a basis for judgment on the pleadings).  At issue is Section 1692g(b) of the FDCPA, which provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector.

The complaint alleges that Dunham notified PRA, the debt collector, that his debt was disputed, and PRA responded by sending Dunham a letter with an attached "Affidavit of Ownership and Sale of Claim."  It further alleges that PRA violated Section 1692g(b) of the FDCPA by failing to include in the letter or attached affidavit: (a) the original amount of Dunham's debt; (b) the date on which the debt was incurred; or (c) any evidence that PRA confirmed the debt with the original creditor. PRA agrees that it had a duty under the statute to verify Dunham's debt.  However, PRA argues that, in addition to being the debt collector, it was also Dunham's creditor because it had purchased Dunham's debt from another creditor, and thus it was only obligated to confirm the debt internally; PRA contends that it was not obligated to tell Dunham when he incurred the debt, in what amount, or to what creditor.

Although the FDCPA does not specifically define the term "verification," the statute imposes two specific verification requirements on debt collectors: obtaining verification from the creditor and mailing that verification to the debtor.  15 U.S.C. § 1692g(b).  These requirements are designed to prevent debt collectors from "dunning the wrong person or attempting to collect debts which the consumer has already paid."  *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).  "The verification requirement demands more than that the debt collector merely repeat its assertion that a debt is due."  *Norton v. Wilshire Credit Corp.*, Civ. No. 95-3223, 1997 U.S. Dist. LEXIS 23360, at *22 (D.N.J. Jul. 14, 1997).  The debt collector must provide the debtor with meaningful

information to inform him of the source of his debt.  *See id.* (finding that a debt collector failed to properly verify a debt when it did not provide the debtor with the original creditor's name, the original charge, the account number, or any other information that would let the debtor know when he incurred the debt and to whom).  Otherwise, a debtor has no way of knowing what the outstanding debt is from and if it is in fact still owed.

Although PRA cites to a number of cases in its brief, only one involves debt that was sold by one creditor to another.  In *Norton v. Wilshire Credit Corp.*, 1977 U.S. Dist. LEXIS 23360, at **3-9, the plaintiff financed the purchase of a new car with Colonial Savings & Loan.  Under the terms of the note, Colonial could obtain property insurance on the car if the plaintiff failed to do so and charge the cost of the insurance policy to the plaintiff's account.  Colonial purchased an insurance policy on the plaintiff's behalf.  Not long after, Colonial sold the note to another creditor who then sold the note to Wilshire Credit Corporation.  Wilshire sought to collect on the note.  When the plaintiff disputed the debt, Wilshire sent a verification letter that included (a) a copy of Wilshire's ledger showing the balance due at the time the debt was purchased; (b) a copy of the plaintiff's payment history to Wilshire; (c) letters identifying the old Colonial number; and (d) a copy of the plaintiff's original note.  The court held that this information was insufficient to verify the debt because "none of the purported verification materials sent by Wilshire set out in any way the amount owed due to the [insurance] policy."  *Id.* at *21.  "Nothing in the documents set out the amount of the insurance charge, the insurer's name, the dates of coverage, a policy number – anything that would have served to verify the charge to Norton's account."  *Id.* at *22.

The gist of Dunham's complaint is that PRA violated Section 1692g(b) by failing to provide him with any information beyond that contained in PRA's file.  As a result, Dunham had no way to

know when or to whom he had incurred the debt and whether the debt was still owed.  "[Section] 1692g(b) imposes an obligation on the debt collector to cease all debt collection activity while it verifies with the original creditor (or through other reliable means) that the amount being demanded is still due and owing."  *Semper v. JBC Legal Group*, No. C04-2240L, 2005 WL 2172377, at *14 (W.D. Wash. Sept. 6, 2005).  "Simply repeating second–or third-hand information in the debt collector's file . . . is insufficient under the statute."  *Id.*  Because the complaint alleges that PRA, as debt collector, failed to properly verify Dunham's debt, it states a valid claim for relief pursuant to 15 U.S.C. § 1692g(b).

The defendant's motion for judgment on the pleadings is DENIED.  Document #23.

IT IS SO ORDERED this 10th day of November, 2009.


_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE